engaged in interstate commerce when checking freight out of a car which had been loaded in another State and brought therefrom into Illinois by such company.

2. COMMERCE, § 4*—*when railroad is engaged in interstate commerce.* A railroad company engaged in hauling freight from a point in one State to a point in another State is engaged in interstate commerce.

3. WORKMEN'S COMPENSATION ACT, § 4*—*where remedy of employee is not under.* Under section 2 of the Workmen's Compensation Act (J. & A. ¶ 5450), the remedy of an employee injured while engaged in interstate commerce, and while in the employ of a carrier by land engaged in interstate commerce, is under the Federal Employers' Liability Act and not under the Workmen's Compensation Act of 1911.

Benjamin J. Hedger, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 22,928.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed June 11, 1917. Rehearing denied June 25, 1917.

### Statement of the Case.

Action by Benjamin J. Hedger, plaintiff, against the Chicago City Railway Company, a corporation, and Chicago Railways Company, defendants, to recover for personal injuries. The cause was discontinued as to the latter defendant and a verdict and judgment for plaintiff for $2,250 was had against the Chicago City Railway Company, from which it appeals.

WATSON J. FERRY, for appellant; W. W. GURLEY, J. R. GUILLIAMS and T. J. SYMMES, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hedger v. Chicago City Ry. Co., 207 Ill. App. 26.

VINCENT G. GALLAGHER and ERNEST MESSNER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. INSTRUCTIONS, § 95*—*what is proper instruction on credibility of plaintiff as witness.* In an action for personal injuries, an instruction is vicious which tells the jury that they shall treat plaintiff's evidence in the same way as that of any other witness and subject his testimony to the same tests only as are applicable to other witnesses, the proper instruction being that the jury have the right, in weighing plaintiff's evidence, to determine how much credence should be given to it, and, in so doing, take into consideration that he is the plaintiff and interested in the result of the suit.

2. CARRIERS, § 485*—*when instruction in action by passenger for assault is erroneous as not conforming to pleading.* In an action by a passenger for injuries alleged to have been caused by an assault by defendant's conductor, the declaration in which does not aver any assault by the conductor after he and plaintiff were off the car, it is not proper to instruct that defendant was liable for an assault by the conductor after he had ejected plaintiff and that it would be liable for injuries sustained by an assault by the conductor after plaintiff was off the car.

3. CARRIERS, § 344*—*when carrier is not liable for injuries caused by conductor.* A carrier is not liable for injuries to a passenger sustained by reason of a personal difficulty of a passenger with its conductor committed after he and the conductor were off its car.

4. ASSAULT AND BATTERY, § 17*—*when instruction is erroneous as not conforming to declaration.* Where the declaration in an action for personal injuries charges an assault, an instruction grounded upon negligence, which is not charged in the declaration, is improper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.